STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Appeals of | } | |
| Patrick and Donna Halnon | } | Docket Nos. 167-10-97 Vtec; 45-3-98 Vtec and |
| | } | 86-5-98 Vtec |
| | } | |

DECISION and ORDER

Appellant Patrick Halnon first appealed in October 1997 in Docket No. 167-10-97 Vtec from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Orwell, regarding the neighboring property of Appellees Gordon (Fred) Euber and Catherine Euber. A hearing on the merits of that appeal was held and a decision issued from the bench in December 1997, at which point the exhibits were returned to the parties. In February 1998 Appellant requested that a written decision be issued; the Court granted the motion but required the parties to produce the evidence from the trial which had been returned to them. In March 1998 in Docket No. 45-3-98 Vtec, Appellants appealed from a decision of the Orwell ZBA granting a variance to Appellee Catherine Euber from the side yard setback requirements. In May 1998 in Docket No. 85-5-98 Vtec, Appellants appealed from a decision of the Orwell ZBA upholding the Zoning Administrator's determination that the Eubers had not violated §§1120, 1130 or 1140 of the Orwell zoning regulations, relating to the performance standards for glare and lighting; fire, explosives and safety hazards; and excessive noise. Appellants' motion to reopen the evidence in Docket No. 167-10-97 Vtec was granted, and the three matters were consolidated for the remaining hearing on the merits in December of 1999. The Court retained the exhibits from the December 1999 hearing, and has now been provided with all the exhibits from the 1997 hearing.

Appellants are represented by John A. Barrera, Esq.; Appellees are represented by Frank H. Langrock; the Town of Orwell is represented by Karl W. Neuse, Esq. A second evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the transcript of the hearings, and

1

the written memoranda and proposed findings, the Court finds and concludes as follows.

The Eubers purchased their property in 1968, prior to the adoption of zoning in Orwell in 1972. It contained a preexisting house in the present location, although additions have been made to the rear and west side of the house since their purchase of it. The house is located closer to the east side property line (away from the Halnons) than to the west side property line. Between their purchase in 1968 and the adoption of zoning in Orwell in 1972, they used both sides of their property to drive to reach the rear of the house. On the east side, they drove as far back as the point at which the storage shed was added in 1996, and drove behind the house at the location now occupied by the storage shed. The area between the house and the east property line was graveled and used for parking. A mobile home was located farther back (south) on the property, close to the east property line. The area between the house and the west property line was also used as a driveway, but to a lesser extent. The west driveway curved around from approximately the front of where the west side deck is now located, back to the rear of the house at the location now occupied by the storage shed, to connect to the east driveway around the rear of the house. All but the final four feet of the curved west driveway is within the thirty-foot side setback area. The west driveway did not occupy the two areas between the curve of the driveway and the Halnon property line and between the curve of the driveway and the house, shown as the expanded or extended area which was the subject of the 1998 application for a variance appealed in Docket No. 45-3-98 Vtec.

The west driveway was not used to the same extent as the east driveway. In the early 1970's from time to time a tractor-trailer truck was parked in the front portion of the west driveway closed to the street. During the 1970s and the 1980s, the area of the west driveway was used from time to time for a vehicle to drive to the mobile home then located in the rear of the property. After the west side deck was built, and continuing into 1994 and 1995, Mrs. Euber parked a truck in the west side driveway next to and toward the front of the deck. Some gravel was added to the west driveway over the years, but it was essentially a secondary grass driveway compared to the east driveway which was the primary driveway to serve the Euber residence. In wet weather drainage from the area of the west driveway would flow onto the neighboring property now owned by the Halnons.

2

The leveling of the west driveway accomplished by the addition of gravel and a retaining wall now limits the adverse effect of this runoff onto the Halnon property.

The Zoning Bylaws provide for a 30-foot side yard setback. However, side yard is defined as "the yard between the principal building or accessory building and a side lot line." Thus, until the 1995 Zoning Bylaws, no driveways or parking areas (residential or otherwise) had to meet the setback requirements, because the side yard is measured to the building. The Zoning Bylaws were amended generally in 1995.

Section 910 of the 1995 Zoning Bylaws provides that "no parking of motor vehicles shall be allowed in required yard setback areas." Section 610(b) of the April 1986 Zoning Bylaws provided that "no parking or motor vehicles shall be allowed in required yard setback areas." The parties have not provided any earlier versions of the Zoning Bylaws. Thus, regardless of any provisions or exceptions regarding driveways, the parking of motor vehicles within the 30-foot side yard setback became a non-conforming use at least by April of 1986. At that time, Appellees had the right to continue parking in the side yard setback indefinitely, but only to the extent that they were doing so as of the enactment of the parking prohibition. Any enlargement of that use required approval by the ZBA under §VII(4) of the 1995 Zoning bylaws or its former equivalent. Of course, a variance could be sought under §510 if the application failed to meet the standards of §VII(4), but a variance is not required if the parking of motor vehicles is limited to the extent it occurred as of the enactment of the parking prohibition, and a variance is not required if §VII(4) approval is obtained from the ZBA for any enlargement of the parking area.

Other than the prohibition of parking within the setback, the Zoning Bylaws contained no limitation on the placement of driveways within the setback area, until the March 1995 Zoning Bylaws. The second sentence of §911 of the 1995 Zoning Bylaws states that "a required driveway <u>shall meet setback requirements of the District</u> and shall be at least twenty feet clear in width, except for one or two-family uses." Emphasis added. The former provision, §611 of the 1986 Zoning Bylaws, stated only that "a required driveway shall be at least twenty feet clear in width, except for one or two-family uses." Although the exception for one- and two-family uses originally applied only to the required width of the driveway, nothing in the plain language of the 1995 amendments limits that

exception to the driveway width. Rather, the plain language of the 1995 amendments applies the exception both to the driveway width and its placement in the setback area. As the exception applies, Appellees do not need approval under §VII(4) or a variance under §510 to continue to use the curved west driveway to drive on or to improve it with gravel. However, as noted in the preceding paragraph, any parking in that driveway or the extension areas within the 30-foot setback is limited to the extent of parking that occurred in 1986 or whenever the parking prohibition was enacted, unless permission is obtained from the ZBA for an enlargement of that extent under §VII(4) (or a variance under §510). They do not need a variance if they limit the parking to the extent it occurred as of the enactment of the parking prohibition, and they do not need a variance if they obtain approval from the ZBA under §VII(4).

The Eubers were required to raise the pipe to their well above the surface of the ground, at the point marked with a blue star on Exhibit P, blocking the use of the east driveway farther south than the well. The east side driveway now extends back from the street only halfway back the length of the house.

The Halnons purchased their property in December of 1994. At the time they purchased the area of the disputed west driveway showed an area that had been used to drive into the property, and some evidence that gravel had been put in at some time in the past. Docket No. 86-5-98 Vtec is an appeal from a ZBA ruling upholding the Zoning Administrator's February 1998 determination that no excessive noise was being produced from Appellees' property. The Court cannot find that excessive noise was being produced from Appellees' property at the time the Zoning Administrator made the ruling appealed from. We do find that from at least July of 1998 through April of 1999 Appellants experienced excessive noise on their property and inside their residence, emanating from vehicles driving and parking in Appellees' west driveway and extended parking areas. From time to time the engine noise occurred at night and in the early morning hours and awakened the Halnons, and prevented them from reasonable use of their bedroom and dining room. The extent of this noise violated the performance standard of §1140 on those occasions during that period of time, but did not continue at an excessive level as of the date of the December 1999 hearing. Therefore, there is no basis to issue an order

4

directing the Zoning Administrator to take any particular enforcement action regarding noise from vehicles. We also note that this Court does not have jurisdiction of a mandamus action against a Zoning Administrator.

Section 1120 requires that any outdoor lighting not create glare, light or reflection which is a nuisance to other property owners. Based on the evidence presented, the Court cannot find that Appellees were in violation of this provision at any specific date. The Court does find that they were not in violation of this provision as of the December 1999 hearing as to any fixed lighting on their property. As of the December 1999 hearing a fence erected near Appellees' property line prevents glare from vehicles' headlights from creating a nuisance on Appellants' property in violation of §1120.

As parking is not allowed in the side setback beyond its preexisting level, the existence and use of the west driveway will not impair the access to either residence for fire engines and other safety equipment. The increase in vehicular trips to the property due to the day care use of the property does not violate any standards. The use of the west driveway for this purpose is not restricted; it is only the parking of vehicles that is restricted to its preexisting extent.

Based on the foregoing, it is hereby ORDERED and ADJUDGED in Docket No. 167-10-97 Vtec, that Appellees' curved west driveway may continue to exist in the side setback area, and may continue to be used as a driveway, but that parking within the portion of the curved west driveway within the side setback area is limited to the extent (location and number of vehicles) that such parking occurred as of the date of enactment of the prohibition against parking within the setback area, unless approval of an increased extent is obtained from the ZBA under §VII(4). This date is found to be April of 1986 on the basis of the evidence produced in this matter. The extension areas may continue to exist as gravel areas within the side setback area, but they may not be used for the parking of motor vehicles without approval from the ZBA under §VII(4). A variance is not required if the parking of motor vehicles is limited to the extent it occurred as of the enactment of the parking prohibition, and a variance is not required if §VII(4) approval is obtained from the ZBA for any enlargement of the parking area.

Based on the foregoing, it is hereby ORDERED and ADJUDGED in Docket No. 45-3-98 Vtec that no variance is required for the mere construction of the driveway extension areas, which is what Appellee-Applicants applied for in that application. The variance is therefore DENIED as MOOT. We note, however, that Appellee-Applicants did not prove that they met all five requirements for a variance. In particular, they did not show that they would be unable to make reasonable use of their property without the variance, and they did not show that the extension areas represented the least deviation possible from the zoning regulations, as the property was in reasonable use with the preexisting curved west driveway. However, if Appellee-Applicants wish to seek approval for the expansion of their pre-existing parking use, they may seek approval from the ZBA as provided in §VII(4) (which is provided on the application form as type "e": "application for a change in a nonconforming use") rather than or prior to seeking a variance for that use.

Based on the foregoing, it is hereby ORDERED and ADJUDGED in Docket No. 86-5-98 Vtec that the Zoning Administrator's February 1998 determinations are upheld of no violation of the noise, glare or safety performance standards at that time.

Dated at Barre, Vermont, this 3rd day of October, 2000.

_____
Merideth Wright
Environmental Judge

6